21-2828-cv
*Impellizzeri v. New York*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty-three.

Present:

> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

DAVID IMPELLIZZERI,

> *Plaintiff-Cross-Defendant-Appellant*,

v.                                                              21-2828-cv

STATE OF NEW YORK, DBA STATE UNIVERSITY OF NEW YORK, UPSTATE MEDICAL UNIVERSITY HOSPITAL, AKA UPSTATE UNIVERSITY HOSPITAL AT COMMUNITY GENERAL HOSPITAL, DENISE BARBER, LORI FEENEY, SHARON KLAIBER, MAXINE THOMPSON, LISA BRACKETT,

> *Defendants-Cross-Defendants-Appellees,*

CINDY CAMPAGNI

> *Defendant-Cross-Claimant.*

---

| | |
|---|---|
| For Plaintiff-Cross-Defendant-Appellant: | JOSEPH S. COTE, III, Cote & Van Dyke, LLP, Syracuse, NY |
| For Defendants-Appellees: | BEEZLY J. KIERNAN, Assistant Solicitor General |

(Barbara D. Underwood, Andrea Oser, *on the brief*), *for* Letitia James, Attorney General of the State of New York, Albany, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant David Impellizzeri appeals from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, *Judge*), entered on October 18, 2021. Impellizzeri sued Defendant-Appellee State University of New York Upstate Medical University Hospital ("Upstate") and several Upstate employees—Defendants-Appellees Denise Barber, Lori Feeney, Sharon Klaiber, Maxine Thompson, and Lisa Brackett—claiming discrimination and retaliation on the basis of sex in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, a violation of due process under 42 U.S.C § 1983, defamation, and intentional infliction of emotional distress.[1] Specifically, Impellizzeri alleged that Defendants: (1) discriminated against him after one of his coworkers claimed he had engaged in workplace misconduct, including sexual harassment; (2) retaliated against him for appealing, pursuant to his union contract, subsequent adverse disciplinary decisions; and (3) violated his due process rights in the course of investigating and responding to the allegations of his workplace misconduct. The district court granted Defendants' motion for summary judgment on all of Impellizzeri's claims.[2] We assume the parties' familiarity with the case.

---

[1] Impellizzeri also named in his complaint Defendant-Cross-Claimant Cindy Campagni, but the parties filed a stipulation pursuant to Federal Rule of Appellate Procedure 42(b), withdrawing with prejudice the appeal as to Campagni.

[2] Impellizzeri initially indicated that he appealed "from each and every part" of the district court's judgment.

This Court reviews *de novo* a district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Radwan v. Manuel*, 55 F.4th 101, 113 (2d Cir. 2022). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Title VII generally requires that individuals aggrieved by acts of discrimination or retaliation file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the alleged unlawful employment practice occurred. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78-79 (2d Cir. 2015); *see* 42 U.S.C. § 2000e-5(e)(1). But in states that, like New York, provide alternative means of pursuing a claim for unlawful employment practices through a state or local agency, the time to file with the EEOC extends to 300 days. *Vega*, 801 F.3d at 79; § 2000e-5(e)(1). Discrete discriminatory or retaliatory acts that occur outside this 300-day statutory time period are not actionable "even if other [such] acts . . . occurred within the statutory time period." *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 75 (2d Cir. 2010) (internal quotation marks omitted).

To establish a due process violation, a plaintiff must show that he possessed "a protected liberty or property interest" and that he was deprived of that interest "without constitutionally adequate process." *Tooly v. Schwaller*, 919 F.3d 165, 173 (2d Cir. 2019). He must also "establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity." *Warren v. Pataki*, 823 F.3d 125, 136 (2d Cir. 2016) (internal quotation marks omitted).

---

App'x 408. But by failing to address in his briefs the district court's dismissal of his intentional infliction of emotional distress and defamation claims, Impellizzeri has waived those issues for purposes of this appeal. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Having conducted a *de novo* review of the record in light of the applicable law, we conclude that there is no genuine dispute of material fact and that Defendants are entitled to judgment as a matter of law on each of Impellizzeri's discrimination, retaliation, and due process claims. Regarding the due process claims against individual Defendants, we affirm on the basis of qualified immunity. The "unlawfulness of their conduct"—if any—was not "clearly established at the time." *Simon v. City of New York*, 893 F.3d 83, 92 (2d Cir. 2018) (quoting *District of Columbia v. Wesby,* 138 S. Ct. 577, 589 (2018)). As to the Title VII retaliation claim, we affirm because Impellizzeri did not engage in a Title VII-protected activity. *See Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.*, 716 F.3d 10, 14-16 (2d Cir. 2013). We affirm all remaining portions of the judgment for substantially the reasons stated by the district court.

\* \* \*

We have considered all of the arguments Impellizzeri raises on appeal and find them unpersuasive. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk